952 F.2d 395
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albron FOGLEMAN, Petitioner,
v.
OLIVER COAL COMPANY; Old Republic Insurance Company;
Director, Office of Workers' Compensation
Programs, United States Department of
Labor, Respondents.
 No. 91-1632.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 20, 1991.
Decided Dec. 17, 1991.
As Amended Dec. 31, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board (88-3458-BLA).
 Albron Fogleman, petitioner pro se.
 Mark Elliott Solomons, Laura Metcoff Klaus, Arter & Hadden, Michael John Denney, Helen Hart Cox, United States Department of Labor, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 REMANDED.
 Before DONALD RUSSELL, SPROUSE and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Albron Fogleman seeks review of a Benefits Review Board ("Board") decision affirming an administrative law judge's ("ALJ") denial of his application for black lung benefits pursuant to 30 U.S.C. §§ 901-945 (1986). Currently pending is Oliver Coal Company's motion to remand or in the alternative to revise the briefing schedule. The Director, Office of Workers' Compensation Programs ("Director"), has responded to Oliver's motion and agrees that remand by the Court without a determination on the merits is appropriate in this case. We agree.
 
 
 2
 The Director did not participate in this claim while it was before the ALJ or the Board, other than to notify the ALJ when the claim was scheduled for trial that he contested Fogleman's eligibility to receive benefits. After Fogleman filed a notice of appeal in this Court, however, the Director filed a motion for an extension of time in which to file a response brief, stating that upon further review of the case he had determined that its participation was warranted.
 
 
 3
 The Director plans to challenge the ALJ's decision on grounds not considered by the Board or the ALJ. We therefore agree with Oliver's contention that Fogleman, who is proceeding pro se, will likely not be able to brief these issues himself. We also note that Fogleman has not objected to the request for remand. Further, while Oliver disagrees with the substantive arguments the Director plans to assert, it concedes that the Director's arguments are not frivolous. The ALJ did not have the opportunity to consider the Director's arguments in his initial consideration of this case and, if the Director's view is accepted, it appears that further fact finding may be required.*
 
 
 4
 In view of the foregoing considerations, we grant Oliver's motion to remand. Accordingly, the case is remanded to the Board for further remand to an ALJ for consideration of the Director's arguments. We note that, in view of our disposition of the case, the requests by Oliver and the Director to hold the briefing schedule in abeyance are moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 REMANDED.
 
 
 
 *
 The Director apparently intends to argue that the ALJ's factual findings contained discrepancies requiring further explanation and that he failed to consider all relevant evidence of record